UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW PROKOS,<br><br>                    Plaintiff,<br><br>    - against -<br><br><br>SAGE PUBLICATIONS, INC., CQ PRESS, and DOES 1 through 10,<br><br>                    Defendants. | Case No.: 18-cv-4194<br><br>PLAINTIFF'S COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Andrew Prokos ("Plaintiff"), by and through his undersigned attorneys, hereby prays for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that Defendants CQ Press and Sage Publications, Inc. do business in this district, Defendant Sage Publications, Inc. is authorized to do business and does do business in this district, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Andrew Prokos is a renowned professional photographer, with his principal place of business in New York, New York, and is doing business within the state of New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant Sage Publications, Inc. ("Sage") is a corporation organized and existing under the laws of the state of Delaware and is registered to do business and doing business in and with the state of New York with a place of business in New York County, New York.

6. Plaintiff is informed and believes and thereon alleges that Defendant CQ Press is a business entity of unknown origin that is doing business in and with the State of New York. Plaintiff is further informed and believes and thereon alleges that CQ Press is a subsidiary of Sage.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS

9. Plaintiff is a renowned professional artist who earns his livelihood through the sale and licensing of his photographs and photography services.

10. Plaintiff created a photograph of the dome of the United States Capitol sometime between 2004 and 2006.  This photograph (the "Subject Photograph") is the subject of this dispute.  The title of the photograph is "U.S. Capitol Interior I".  The photograph is an original photograph composed by Mr. Prokos. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office before the infringements at issue in this case. A true and correct copy of the photograph is reproduced below:



11. In early 2006, Plaintiff entered into a written license agreement with CQ Press wherein Plaintiff granted CQ Press the right to use the Subject Photograph only in CQ Press's textbook "Congress and the Nation XI 2001-2004" for either 2500 books or until February 15, 2009, whichever came first (the "Book License").  The Book License expired and was not renewed.

12. In early 2007, Plaintiff entered into a written license agreement with CQ Press wherein Plaintiff granted CQ Press the right to use the Subject Photograph only in CQ Press's book

"Congress and the Nation Index, Volumes I-XI" (ISBN 0-87289-557-2) for a print run of 500 books or until January 11, 2010, whichever came first (the "Index License"). The Index License expired and was not renewed.

13. Plaintiff is informed and believes and thereon alleges that Defendants own and operate websites at, among other domains, www.us.sagepub.com and www.sk.sagepub.com, where they sell textbooks (collectively, the "Websites").

14. Plaintiff's investigation revealed that Defendants, and each of them, were displaying Plaintiff's Subject Photograph ("Infringing Photographs") on their Websites, without Plaintiff's authorization. Defendants used the Infringing Photographs to market and advertise Defendants' own businesses.

15.  Plaintiff's investigation further revealed that Defendants, and each of them, had placed Infringing Photographs on the cover of multiple textbooks that Defendants have sold and are selling to the public, including but not limited to:

- (a)  ("Infringing Book 1") "Congress and the Nation, 1945-1964 Vol. I", ( Print ISBN 9780871872944);
- (b) ("Infringing Book 2") "Congress and the Nation, 1965-1968 Vol. II", ( Print ISBN 9780871870049);
- (c) ("Infringing Book 3") "Congress and the Nation, 1969-1972 Vol. III", ( Print ISBN 9780871870551);
- (d) ("Infringing Book 4") "Congress and the Nation, 1973-1976 Vol. IV", ( Print ISBN 9781608713813);
- (e) ("Infringing Book 5") "Congress and the Nation, 1977-1980 Vol. V", ( Print ISBN 9780871872166);

(f) ("Infringing Book 6") "Congress and the Nation, 1981-1984 Vol. VI", ( Print ISBN 9780871873347);

(g) ("Infringing Book 7") "Congress and the Nation, 1985-1988, Vol. II", (Print ISBN 9780871875327);

(h) ("Infringing Book 8") "Congress and the Nation, 1989-1992 Vol. VIII", ( Print ISBN 9780871877895);

(i) ("Infringing Book 9") "Congress and the Nation, 1993-1996 Vol. IX", ( Print ISBN 9781568022406);

(j) ("Infringing Book 10") "Congress and the Nation, 1997-2000 Vol. X", ( Print ISBN 9781568026244);

(k) ("Infringing Book 11") "Congress and the Nation, 2001-2004 Vol. XI", ( Print ISBN 9781568028507);

(l) ("Infringing Book 12") "Congress and the Nation, 2005-2008 Vol. XII", ( Print ISBN 9780872894853);

(m) ("Infringing Book 13") "Congress and the Nation 2009-2012 Vol. XIII," (Print ISBN 9781452270340);

(n) ("Infringing Book 14") "Congress and the Nation Index 1945-2004, Vols. 1-XI, 79th-108th Congresses", (ISBN 9780872895577);

(o) ("Infringing Book 15") "Separate But Equal Branches, Congress and the Presidency" (Print ISBN 9781889119151);

16. Defendants do not have and never had authorization to use the Subject Photograph in any media except as set forth in the Book License and the Index License, respectively.

17. It is black letter law that any use of a photograph beyond the scope of the license is

copyright infringement. *John Wiley & Sons, Inc. v. DRK Photo,* 998 F. Supp. 2d 262, 287 (S.D.N.Y. 2014); *Marshall v. New Kids on the Block P'ship,* 780 F.Supp. 1005, 1008 (S.D.N.Y. 1991). Accordingly, Defendants' unauthorized uses of the Subject Photograph as set forth in Paragraph 15 and below each constitute copyright infringement.

18. True and correct screenshots of Defendants' infringing use of the Subject Photograph on their website and on the covers of their books are reproduced below:

19. "Infringing Photograph 1" in Infringing Book 1;



20. "Infringing Photograph 2" in Infringing Book 2;




21. "Infringing Photograph 3" in Infringing Book 3;




22. "Infringing Photograph 4" in Infringing Book 4;



23. "Infringing Photograph 5" in Infringing Book 5;



24. "Infringing Photograph 6" in Infringing Book 6;



25. "Infringing Photograph 7" in Infringing Book 7;



26. "Infringing Photograph 8" in Infringing Book 8;



27. "Infringing Photograph 9" in Infringing Book 9;



28. "Infringing Photograph 10" in Infringing Book 10;




29. "Infringing Photograph 11" in Infringing Book 11;




30. "Infringing Photograph 12" in Infringing Book 12;




31. "Infringing Photograph 13" in Infringing Book 13;




32. "Infringing Photograph 14" in Infringing Book 14;




33. "Infringing Photograph 15" in Infringing Book 15;

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

34. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through the Book License and the Index License.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photograph on Infringing Books 1-15, inclusive, and on the Websites.

37. Plaintiff is informed and believes and thereon alleges that the Infringing Photographs used by Defendants and shown above, use the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Plaintiff's Subject Photographs and are identical or at least substantially similar to Plaintiff's Subject Photograph.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by copying the Subject Photograph and publishing and displaying the Infringing Photographs to the public, including without limitation, in Infringing Books 1-15, inclusive, and on the Websites without Plaintiff's authorization or consent.

39. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

40. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

### SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

42. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

43. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove.

44. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

45. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

46. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Infringing Photographs from any print, web, or other publication owned, operated or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. § 504, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 10, 2018    Respectfully submitted:

By: /s/ Michael D. Steger
    Michael D. Steger, Esq. (MS2009)
    Law Offices of Michael D. Steger, PC
    30 Ramland Road, Suite 201
    Orangeburg, NY 10962
    845-359-4600
    (845) 689-2155 (fax)
    msteger@steger-law.com
    Attorney for Plaintiff Andrew Prokos